United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-20817
Summary Calendar

WILSON BROOKS,

                                                              Petitioner-
                              Appellant,

                              versus

NATHANIEL QUARTERMAN, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

                                                              Respondent-
                              Appellee.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-3029
--------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges:

PER CURIAM:[*]

       Wilson Brooks, Texas prisoner # 1089378, pleaded guilty to one count of aggravated assault

and was sentenced to 25 years in prison.  After pursuing state avenues of relief, Brooks filed a 28

U.S.C. § 2254 petition, which the district court dismissed on a motion for summary judgment by the

respondent.  A judge of this court granted Brooks a certificate of appealability on one issue: whether

_____

       [*]  Pursuant to 5TH CIR. R. 47.5, the  court  has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Brooks's counsel rendered ineffective assistance by failing to investigate and pursue an insanity defense. Finding no error, we affirm.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a scheme of deference to be used in reviewing claims in a state prisoner's habeas corpus petition that were adjudicated on the merits in state-court proceedings. 28 U.S.C. § 2254(d); *see also Hill v. Johnson*, 210 F.3d 481, 484-85 (5th Cir. 2000). A federal court must defer to a state court's resolution of both pure questions of law and mixed questions of law and fact unless the state court's determination was "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court. *Hill*, 210 F.3d at 485; *see also* § 2254(d)(1).

To obtain relief on grounds of ineffective legal assistance, a petitioner must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficiency, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

Applying these standards, we conclude that the district court did not err in determining that federal habeas relief was not warranted. Under Texas law, an insanity defense is available if, "at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong." TEX. PENAL CODE ANN. § 8.01 (Vernon 2003); *see also Ward v. State*, 787 S.W.2d 116, 117 (Tex. App. 1990). Brooks's counsel sought and obtained psychological evaluations for Brooks. The first evaluation resulted in Brooks being sent to a hospital for psychiatric

treatment. A subsequent evaluation resulted in a finding that Brooks knew that his conduct was wrong at the time he committed the offense, i.e., that he was sane.

A reasonable attorney could have made a strategic choice not to pursue a defense that was contradicted by a court-appointed psychologist. Thus, the state court's determination that counsel's performance was not deficient was neither contrary to nor an unreasonable application of clearly established federal law.

For the foregoing reasons, the judgment of the district court is AFFIRMED.